ASSOCIATION FOR PSYCHOANALYSIS, INC., Respondent, *v.* CAROLINE K. SIMON, as Secretary of State of the State of New York, Appellant.

Third Department, May 27, 1964.

*Louis J. Lefkowitz, Attorney-General* (*Edward Siegfried* and *Paxton Blair* of counsel), for appellant.

*Lyman Stansky* for respondent.

TAYLOR, J. Petitioner presented to the Secretary of State for filing a certificate of incorporation pursuant to the Membership Corporations Law which had been approved, as required, by a Justice of the Supreme Court. The Secretary of State refused to file it on the ground that the consent of the Commissioner of Education had not been indorsed thereon. In this article 78 [Civ. Prac. Act] proceeding Special Term has directed its filing without indorsement and this appeal results from its order.

In general the activities to be conducted under the proposed charter are concerned with the advancement of the theory of psychoanalytic psychology, the promotion of its public acceptance, the encouragement of research in this field, the establishment of a forum for the exchange of professional experience among members and others in kindred professions and the improvement and maintenance of high professional ethical standards by practitioners of psychoanalysis. The specific purpose found by the Secretary of State to interdict filing without the express consent of the Commissioner of Education is " To promote and develop facilities for training and study for its members ".

" If the certificate of incorporation specify a purpose for which a corporation may be chartered by the regents of the university, the consent of the commissioner of education to such filing shall be endorsed thereon." (Membership Corporations Law, § 11, subd. 2.) The Board of Regents is empowered to incorporate, among others, an " association for the promotion of science  *  *  *  or other department of knowledge, or of education in any way ". Without its consent no association which is thus authorized to be incorporated may be chartered under any other general law. (Education Law, § 216.)

We think that the Secretary of State was entitled to refuse the certificate. The disputed purpose seems to us not to relate to the acquisition of physical facilities for use by the membership, as respondent suggests, but rather to portend the development of a program of training and study designed to foster knowledge of the principles, methods and techniques of psychoanalysis as a medical adjunct of the practice of the profession of psychology. A membership association, so in part purposed, is, in our judgment, one which the Legislature has empowered the Board of Regents to charter and on whose certificate of incorporation the indorsement of the Commissioner of Education is by the command of the statute required.

A prior acceptance for filing by the Secretary of State of a presented certificate containing language expressive of a like purpose did not mandate similar action in this case under pain of a charge of arbitrary conduct. A single inadvertence by the public official granted no right to petitioner to insist upon its repetition. Nor can we uphold the contention that section 216 is violative of the equal protection of laws provisions of the Federal and State Constitutions either for its failure to prescribe adequate standards to guide the exercise of the power or upon the predicate that its use was in this instance intentionally discriminatory.

The order should be reversed, on the law and the facts, and cross motion to dismiss petition granted, without costs.

GIBSON, P. J., REYNOLDS, AULISI and HAMM, JJ., concur.

Order reversed, on the law and the facts, and cross motion to dismiss petition granted, without costs.